MATTER OF A—

In SECTION 245 Proceedings

A-8833595

*Decided by Regional Commissioner*
*Approved by Assistant Commissioner May 4, 1961*

**Adjustment of status—Section 245 of act—Discretionary denial.**

Adjustment of status under section 245 of the Act is denied in the exercise
of discretion to a former official of a foreign government accused by that
government of misappropriating its funds, whose continued presence in this
country, in the opinion of the Department of State, would create an irri-
tating factor in the relations between the United States and such foreign
government.

## BEFORE THE REGIONAL COMMISSIONER

**DISCUSSION:** The applicant, a 30-year-old married male, native
and citizen of the United Arab Republic, was last admitted to the
United States on September 18, 1953, as a nonimmigrant student.
Upon completion of his studies he accepted employment with the
Consulate General of the United Arab Republic at New York. On
February 28, 1959, he was transferred to the Ministry of Foreign
Affairs, Cairo, and was ordered by his government to return home.
He did not depart and on March 26, 1959, he filed this application
for status as a permanent resident.

Shortly thereafter, the accredited representative of the United
Arab Republic at New York notified this Service that the appli-
cant had been accused of misappropriating consular funds while
serving as Chancellor of the Consulate General of the United Arab
Republic at New York. There are incorporated into the record
letters from the Consul General of the United Arab Republic at
New York, with transcripts of certain proceedings before that offi-
cer, concerning the allegation. The applicant was advised of the
accusation made against him and was afforded an opportunity to
make a statement in answer thereto. After consideration of the
entire record, the District Director found that the application did
not warrant favorable exercise of the Attorney General's discretion
and on April 29, 1960, entered an order denying the application.
An appeal was taken to the Regional Commissioner and on June 27,

1960, that officer affirmed the decision of the District Director. An action was then filed in the United States District Court for the District of Columbia, for a declaratory judgment. Pursuant to stipulation by both parties, the matter was remanded to the Service for further administrative action.

The application has now been reopened and reconsidered by the District Director. Between the time the application was first denied and the date of reopening, section 245 of the 1952 Act was amended by section 10 of the Act of July 14, 1960. The amendment broadened considerably the basis on which an application can be filed; therefore, the application was considered under the amended provisions of law. As amended, section 245 provides that the Attorney General, in his discretion, may accord status as a lawful permanent resident to an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States, if the alien is eligible to receive an immigrant visa and is admissible to the United States as an immigrant, and if an immigrant visa is immediately available to him at the time his application is approved.

When the case was reopened, the applicant was permitted to present additional evidence in support of his application. Also made a part of the record was a letter dated October 24, 1960, from the Assistant Director of the Visa Office, Department of State, to the District Director at New York stating, in effect, that it was the opinion of the Department of State that approval of this application would be inappropriate since such action would create an irritating factor in the relations between our Government and the Government of the United Arab Republic. After consideration of the entire record, the District Director concluded that favorable exercise of the Attorney General's discretion was not warranted and on December 30, 1960, he entered an order denying the application. The order sets forth in detail the basis upon which that conclusion was founded. The matter was then certified to this office for review.

In reviewing the record, it has been noted that both the District Director and counsel for the applicant have erroneously referred to the proceeding as a "hearing." Neither the statute nor the regulations promulgated thereunder authorize or require a hearing on an application filed pursuant to section 245. The statements made by the applicant in support of his application have merely been recorded so that the transcript could be incorporated into the record for the benefit of the reviewing officer.

The sole issue to be decided here is whether the application merits favorable exercise of the Attorney General's discretion. The Service has consistently held that the extraordinary discretionary relief provided in section 245 will only be granted in meritorious cases

(*Matter of S—*, 8—234; *Matter of C—*, 8—683; *Matter of G—*, 9—38). The burden is always upon the applicant to establish that his application merits favorable action (*Matter of G—*, *supra*).

The fact that the applicant has been accused of a crime cannot be considered in determining whether he meets the statutory requirements of the law, since he has neither been convicted of a crime nor does he. admit committing any criminal acts. However, this factor, along with all other factors in the case, must be considered in determining whether favorable discretionary action is warranted.

The Service has been placed on notice by a responsible accredited official of the Government of the United Arab Republic that the applicant stands accused of misappropriating funds of that Government while employed in an official capacity. By means of the letter of October 24, 1960, referred to above, the Secretary of State, through his designated representative, has informed the Service that the Embassy of the United Arab Republic has made frequent representations to the Department of State expressing the view of that Government that to permit ˙the applicant to remain in the United States would obstruct justice by permitting him to escape punishment. The letter also states that the Department of State is of the opinion that approval of this application would be inappropriate since it would create an irritating factor in this Government's relations with the Government of the United Arab Republic.

In view of all the factors in the case, it is concluded that the District Director properly found that favorable exercise of the Attorney General's discretion is not warranted and his order will be affirmed.

**ORDER:** It is ordered that the order entered by the District Director on December 30, 1960, be affirmed.